

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2004

# Baker v. Ofc Depot Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3050

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Baker v. Ofc Depot Inc" (2004). *2004 Decisions.* Paper 142.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/142

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3050

MONIQUE BAKER, n/k/a
MONIQUE KATCHMER,
                                                    Appellant

v.

OFFICE DEPOT, INC.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Civil No. 02-cv-02229
District Judge:  The Honorable Richard P. Conaboy

Submitted Under Third Circuit LAR 34.1(a)
September 30, 2004

Before: ROTH, BARRY, and CHERTOFF, Circuit Judges

(Opinion Filed:   November 8, 2004)

OPINION

BARRY, Circuit Judge

        This case turns on the timeliness of an employment discrimination claim brought

by appellant Monique Baker, now known as Monique Katchmer, on the basis of sexual

harassment and gender discrimination.  The District Court granted appellee Office

Depot's motion for summary judgment.  We will affirm.

## I.

The parties are familiar with the facts of this case, and so we limit our discussion

to those necessary for the resolution of this appeal.  From July 2000 to March 2001,

Office Depot employed Baker as a cross-dock operator.  Baker alleges that in the months

leading up to March 2001, a co-worker, John Alto, sexually harassed her.  She also

alleges that she repeatedly complained to management at Office Depot, to no avail.

Ultimately, Office Depot terminated her employment on March 16, 2001 due to a claimed

reduction in its work force.  Alto was not terminated.

Immediately after her termination, Baker retained counsel, who "notified" the

Pennsylvania Human Rights Commission ("PHRC") of Baker's claim.  In response, a

letter was sent by the PHRC on March 19, 2001 that apparently enclosed forms and gave

instructions on how to file a complaint.  Counsel prepared a complaint, but did not file it.

Counsel did file a complaint with the Equal Employment Opportunity Commission

("EEOC") on January 16, 2002—306 days after the date of Baker's termination.[1]  The

EEOC dismissed the complaint because it was not timely filed and advised Baker that she

---

[1]Baker's counsel concedes that he filed her EEOC claim on January 16, 2002.  The
District Court calculated that the last date Baker could have filed with the EEOC was
January 10, 2002 – 300 days after the March 16, 2001 date of termination.  We agree.
Therefore, the claim was filed six days late.

had ninety days to file an action in federal court. On December 6, 2002, Baker timely

filed this action seeking recovery under both Title VII of the Civil Rights Act of 1964, <u>see</u>

42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, with the § 1981 claim subsequently

withdrawn. Office Depot filed a motion to dismiss, or in the alternative, a motion for

summary judgment. As noted above, the District Court granted summary judgment in

favor of Office Depot.[2]

## II.

Our review of the District Court's grant of summary judgment is plenary, and we

apply the same standard the District Court was required to apply. <u>Stratton v. E.I. DuPont</u>

<u>De Nemours & Co.</u>, 363 F.3d 250, 253 (3d Cir. 2004). That standard is well-established:

> [s]ummary judgment is appropriate if there are no genuine issues of
> material fact presented and the moving party is entitled to judgment as a
> matter of law. In determining whether a genuine issue of fact exists, we
> resolve all factual doubts and draw all reasonable inferences in favor of the
> nonmoving party.

<u>Conshenti v. Public Serv. Elec. & Gas Co.</u>, 364 F.3d 135, 140 (3d Cir. 2004); <u>see also</u>

Fed. R. Civ. P. 56(c).

Under Title VII, before a claimant may bring suit in federal court, she must

exhaust her administrative remedies. <u>See</u> <u>Robinson v. Dalton</u>, 107 F.3d 1018, 1020-21

(3d Cir. 1997). The administrative remedy at issue here is the timely filing of a complaint

---

[2]The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have
jurisdiction pursuant to 28 U.S.C. § 1291.

with the EEOC.

In a deferral state such as Pennsylvania,[3] the time-frame for such a filing is "300 days after the alleged unlawful employment practice occurs." Bailey v. United Airlines, 279 F.3d 194, 197 (3d Cir. 2002); see also 42 U.S.C. § 2000e-5; Colgan v. Fisher Scientific Co., 935 F.2d 1407, 1413-14 (3d Cir. 1991) (en banc). "It is well established that for purposes of filing a charge alleging unlawful discharge, the limitations period must be measured from the date on which the employee was advised of the decision to terminate . . . her employment." Bailey, 279 F.3d at 198.

Here, then, the 300 days would begin to run from the date Baker was terminated—March 16, 2001. Baker contends, however, that she timely notified the PHRC of her claim, thereby rendering the subsequent filing with the EEOC timely. She argues as well that a material question of fact exists as to when the last date of the alleged unlawful employment practice occurred because of her claimed callback rights and the effect of a general release provided her by Office Depot. Either one, she contends, may have extended the date past the date she was terminated, making her January 16, 2002 filing with the EEOC timely.

We disagree. Although, in theory, it is possible to render an EEOC claim timely

---

[3]A deferral state is a state that has "an agency authorized to grant relief for federally prohibited employment discrimination." Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000). The Pennsylvania agency with this authority is the PHRC. See 43 Pa. Cons. Stat. § 959 (as amended 2004).

by timely filing with a state employment agency, <u>see</u> 29 C.F.R. § 1601.13 (a)(4)(ii) (1997), Baker has presented no evidence that she filed with the PHRC and, indeed, concedes that a complaint was "inadvertently not filed." Appellant's Br. at 2. Inconsistent with this concession, she makes various references in her brief to "Exhibit A" as proof that such a filing or the equivalent thereof occurred; however, we see no such "Exhibit A." Baker apparently did submit an "Exhibit A" with her brief in opposition to Office Depot's motion for summary judgment, but all that exhibit seems to have been was PHRC's instructions on how to file a claim and some forms. This sole communication, even if we had it before us, which we do not, would not show "specific facts showing there is a genuine issue for trial." <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986).

Neither has Baker come forward with evidence of callback rights.[4] Rather, she argues that "only discovery could hash out" whether in fact there is such evidence. Appellant's Br. at 4. But on a motion for summary judgment, the non-moving party must

---

[4]Callback rights are more commonly known as reinstatement rights, and are most typically at issue in labor cases involving unions and union members. <u>See, e.g.</u>, <u>NLRB v. Int'l Van Lines</u>, 409 U.S. 48, 50-52 (1972). For non-union workers, reinstatement rights may be provided by an employer as part of an employment contract or termination agreement, may be conferred by statute, or may be sought as a post-termination remedy. <u>See, e.g.</u>, <u>Russell v. Dunston</u>, 896 F.2d 664, 666 (2d Cir. 1990) (discussing the New York statutory scheme for reinstatement rights of state employees); <u>Burkart v. Post-Browning, Inc.</u>, 859 F.2d 1245, 1247 (6th Cir. 1988) (addressing Congress' grant of reinstatement rights to military reservists); <u>Moskerc v. Am. Airlines, Inc.</u>, 2004 U.S. Dist. Lexis 8326, 24 (N.D. Ill. 2004) (determining whether plaintiff's employment contract guaranteed him reinstatement rights) <u>Garrett v. Matthews</u>, 474 F. Supp. 594, 598 (N.D. Ala. 1979) (explaining why plaintiff was not entitled to reinstatement after his dismissal).

point to facts that already exist in affidavits, depositions, answers to interrogatories, or admissions. See Catrett, 477 U.S. at 324. Baker has failed to do so.

Baker's argument that the general release Office Depot offered her could constitute "continuing discrimination" is equally unpersuasive. As described by the District Court (because, although called "Exhibit C," it, too, is not provided), the general release did no more than explain the conditions upon which severance pay would be granted. The release did give Baker forty-five days in which to consider the provisions and decide whether to accept them, and it appears that these forty-five days are what Baker points to as the period of "continuing discrimination."

But there is no "continuing discrimination" or "continuing violation where the effects of prior discriminatory acts, but no actual discrimination, occurred within the limitations period." Cardenas v. Massey, 269 F.3d 251, 256 (3d Cir. 2001). Here, if Baker's termination was indeed discriminatory, then the conditions of termination set forth in the general release were merely the effects of that prior, allegedly unlawful, employment act. Moreover, Baker has not even alleged that she was discriminatorily deprived of any rights during the additional forty-five day period.

In the alternative, Baker argues that the 300-day time period should have been equitably tolled because of counsel's "inadvertence." Because this time period is analogous to a statute of limitations, it is subject to equitable tolling. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). As relevant here,

6

in order for Baker to have taken advantage of this doctrine, she was required to show that "[she was] prevented from filing in a timely manner due to sufficiently inequitable circumstances." See Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999).[5]

The inequity or mistake Baker points to is the "inadvertence of her counsel," who thought he had filed with the PHRC, when, in fact, he had not done so. But for an attorney's mistake or misconduct to constitute grounds for equitable tolling, it must be shown that the attorney's mistake or misconduct was more than "garden variety neglect." Id. at 241; see also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). For example, in Seitzinger we held that tolling was appropriate because, unlike here, the evidence disclosed that the attorney had affirmatively lied to his client and because Ms. Seitzinger was "extremely diligent in pursuing her claim." Seitzinger, 165 F.3d at 241. Mere "inadvertence" is simply not enough, and Baker is subject to the usual rule that attorney errors will be attributed to the client. See, e.g., United States v. Boyle, 469 U.S. 241, 252 (1985). We, thus, reject Baker's contention that the doctrine of equitable tolling should have been applied.

---

[5]The Supreme Court has delineated three other circumstances in which it considers equitable tolling appropriate. They are: (1) when a claimant did not receive adequate notice of her right to sue; (2) when there is a pending motion for appointed counsel; and (3) when the court misrepresents to the plaintiff that she has satisfied the requirements of bringing her suit. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984).

7

## III.

For the forgoing reasons, we will affirm the June 11, 2003 order of the District Court.